FILED
U.S. District Court
District of Kansas
09/29/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MALIK W. DORSEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3359-JWL**

**A. BRANDT,**

**Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).

Plaintiff names A. Brandt, an officer at the SCJ, as the sole defendant. Plaintiff claims that on April 21, 2026, Plaintiff asked Defendant Brandt for a Bible at the SCJ. (Doc. 1, at 2.) Plaintiff claims that Brandt violated Plaintiff's First and Third Amendment rights when she told Plaintiff that "it had to be approved or they are not giving [Plaintiff] one because of [his] behavior." *Id.* Plaintiff claims that this constituted the refusal of religious practices and beliefs. *Id.* at 2–3. For relief, Plaintiff seeks "999$ trillion and for defendant Brandt to place all of her assets in [Plaintiff's] name as section 1983 imposes liability on anyone who deprives another of they're [sic] rights." *Id.* at 5.

Plaintiff has raised this exact same claim in another pending case. *See Dorsey v. Brandt*, Case No. 26-3358-JWL (D. Kan.) (filed Sept. 25, 2026). In Case No. 26-3358, Plaintiff claims that on April 21, 2026, Officer Brandt told Plaintiff that he cannot have a Bible until it is approved. *Id.* at Doc. 1, at 2–3. Plaintiff likewise claims that this violated his First and Third Amendment

rights to practice his religious beliefs and practices. *Id*. at 3. Plaintiff sought the same relief--$999 trillion and to have Defendant's assets placed in Plaintiff's name. *Id*. at 5.

Plaintiff also raised a similar issue against a different defendant in a case pending before this Court. In *Dorsey v. Bunger*, Plaintiff claims that Defendant MacManigal violated his First and Third Amendment rights when they refused to give Plaintiff a Bible. *See Dorsey v. Bunger*, Case No. 26-3343-JWL (D. Kan.) (filed Sept. 14, 2026). The Court entered a Memorandum and Order in that case stating that:

> In Count II, Plaintiff asserts that on April 25, 2026, Defendant MacManigal violated his First and Third Amendment rights by refusing to give him a Bible. (Doc. 1, p. 3.) The Third Amendment states: "No Soldier shall, in time of peace be quartered in any house, without consent of the Owner, nor in time of war, but in a manner to be prescribed by law." U.S. Const. Amend. III. In the absence of any explanation from Plaintiff about how the denial of a Bible violated the Third Amendment, the Court concludes that Count II fails to state a plausible Third Amendment claim. Thus, to the extent that Count II asserts a Third Amendment claim, it is subject to dismissal. To the extent that Count II refers to the First Amendment claim, however, the Court liberally construes it as asserting a violation of the First Amendment's Free Exercise Clause, which "protects religious exercises." *See Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 523 (2022). "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). In order to state a plausible claim that the constitutional right to free exercise of religion was denied, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Id.* In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Id.* at 1070.
>
> Plaintiff's failure to allege specific facts is fatal to his First Amendment claim in Count II. Even liberally construing the pro se complaint, Plaintiff does not explain *how* Defendant MacManigal "telling [Plaintiff] we are not giving you a Bible over smart communications [*sic*]" substantially burdened Plaintiff's sincerely-held religious beliefs. (*See* Doc. 1, p. 3.) Thus, Plaintiff has failed to state a plausible free exercise claim under the First Amendment.

> Thus, to the extent that Count II asserts a First Amendment claim, it is subject to dismissal.

*Id*. at Doc. 4–1, at 5–6. The Court also advised Plaintiff in Case No. 26-3343 that he is not entitled to relief in the form of a transfer of Defendants' assets to Plaintiff's name. *Id*. at 8.

Plaintiff continues to seek relief in the form of placing Defendant's assets in Plaintiff's name. Plaintiff also seeks compensatory damages in this case. Any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

The Court dismisses this matter as duplicative and as frivolous or malicious. The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is

> entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013); *see also Erwin v. Zmuda*, 2024 WL 2768460, at *2 (10th Cir. 2024) (unpublished) (affirming dismissal as frivolous where case was duplicative of two previous complaints and stating that "repetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious") (citing *Childs*, 713 F.3d at 1265).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **granted.** Notwithstanding this grant of leave, Plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of Plaintiff shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that this matter is **dismissed** as duplicative and as frivolous or malicious.

**IT IS SO ORDERED**.

**Dated September 29, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**